UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH W. MILOJEVICH,<br><br>        Plaintiff,<br><br>   v.<br><br>MICHAEL J. ASTRUE, Commissioner,<br>Social Security Administration,<br><br>        Defendant. | Case No. C06-1619-RSL-JPD<br><br>REPORT AND RECOMMENDATION |

Plaintiff Joseph Milojevich appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner"), which denied plaintiff's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f, after a hearing before an Administrative Law Judge ("ALJ"). For the reasons set forth below, the Court recommends that the Commissioner's decision be REVERSED and REMANDED for further proceedings not inconsistent with this opinion.

I. FACTS AND PROCEDURAL HISTORY

Plaintiff is a thirty-one year old man with a general equivalency diploma. Administrative Record ("AR") at 63, 392. Plaintiff has previously worked with a construction company repairing concrete equipment, and has also worked as a diesel mechanic. AR at 83, 84. He was last gainfully employed in June 2003. AR at 64, 394.

On July 7, 2003, plaintiff applied for DIB and SSI. AR at 66. His application was denied initially and on reconsideration. AR at 32, 38. On November 14, 2005, plaintiff appeared at a hearing before an ALJ who determined that plaintiff was not disabled based on his finding that the plaintiff could perform work existing in significant numbers in the national economy. AR 390, 28. Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). AR at 7-9. On January 29, 2007, plaintiff timely filed the present action challenging the Commissioner's decision. Dkt. No. 1.

## II.  JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III.  STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, but less than a preponderance, and is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, settling conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record meticulously as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence of record is susceptible to more than one rational interpretation, it is the Commissioner's conclusions that must be upheld. *Id.*

## IV. EVALUATING DISABILITY

As the claimant, Mr. Milojevich bears the burden of proving that he is disabled within the meaning of the Social Security Act ("the Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of at least twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled or not disabled at any step in the sequence, the inquiry ends without need to consider subsequent steps.

Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[1] If he is, disability benefits are denied. If he is not, the Commissioner proceeds to step two. At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities. If the claimant does not have such impairments, he is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether that

---

[1] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit. 20 C.F.R. § 404.1572.

REPORT AND RECOMMENDATION
PAGE – 3

impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals a listing for the twelve-month duration requirement is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work. *Id.* If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, the burden shifts to the Commissioner at step five to show that the claimant can perform some other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the Commissioner finds the claimant is unable to perform other work, the claimant is disabled and benefits may be awarded.

When evidence of a claimant's drug or alcohol use is before the Commissioner, a finding of "disabled" under the five-step inquiry does not automatically qualify a claimant for disability benefits. *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001). Pursuant to provisions of the 1996 Contract with America Advancement Act, Pub.L. No. 104-121, "an individual shall not be considered to be disabled for purposes of this title if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C). If a claimant is found disabled, and there is medical evidence of drug abuse or alcoholism, the Commissioner "must determine whether [the claimant's] drug abuse or alcoholism is a contributing factor material to the determination of disability." 20 C.F.R. §§ 404.1535(a), 416.935(a). If the Commissioner concludes that the claimant would not be disabled but for the claimant's drug or alcohol use, the Commissioner is required to evaluate the claimant's

REPORT AND RECOMMENDATION
PAGE – 4

disability as it would exist if the claimant were to abstain from drug and alcohol use. *Bustamante*, 262 F.3d at 955.  This requires the Commissioner to repeat the five-step analysis as it would apply if the claimant was *not* using drugs or alcohol.  *Id.*

## V.  DECISION BELOW

On April 25, 2006, the ALJ issued a decision denying plaintiff's request for benefits, which found:

1. The claimant has not engaged in substantial gainful activity since his alleged onset date.

2. The claimant meets the disability insurance status requirements through the date of this decision.

3. The medical evidence establishes that the claimant has a schizoaffective disorder with psychotic features, alcohol dependance, and polysubstance abuse in partial remission.  The combination of these impairments is severe.

4. The claimant's impairments when considered in combination, meet the requirements of section 12.09(D) of the Listing of Impairments (Appendix 1, Subpart P, Regulation No. 4).

5. Considering only the limitations that would remain if the claimant stopped using alcohol and drugs, he would not be subject to any impairment, or combination of impairments, that meet or equal the requirements of the Listing of Impairments (Appendix 1, Subpart P, Regulation No. 4).

6. The testimony of the claimant regarding the claimant's symptoms and functional limitations is not fully credible when considered in relation to the record as a whole.

7. Considering the impairments and limitations that would have remained if the claimant stopped using drugs and alcohol, the claimant would have the residual functional capacity to perform simple routine work tasks, but no detailed or complex work tasks.  Due to his social limitations the claimant should have limited contact with the coworkers and would not be able to work with the public.  He would need to avoid working at heights or in hazardous working conditions.  The claimant does not have any physical impairments and retains the ability to perform the exertional requirements of all work (20 C.F.R. § 404.1545 and § 416.945).

8. The claimant is unable to perform his past relevant work (20 CFR §404.1565 and §416.965).

9. The claimant is 29 years old, which is defined as a younger individual in the Social Security Regulations (20 CFR §404.1562 and § 416.963).

10. The claimant has a General Equivalency Diploma (20 CFR §404.1564 and § 416.964).

11. In view of the claimant's age and residual functional capacity, the issue of transferability of work skills is not material to this decision.

12. If the claimant had the residual functional capacity to perform the exertional and nonexertional requirements of all work, considering his age, education and work experience, he would be found not disabled under Medical Vocational Rule 204.00, Appendix A, Subpart P, Regulations No.4.

13. Considering that the claimant's residual functional capacity for work is reduced by the limitations set forth in Finding No. 7 above, there are a significant number of jobs in the national economy which he could perform. Examples of such jobs include a night cleaner.

14. Considering that the claimant is able to perform a significant number of jobs in the State and national economies, despite his limitations, a finding that the claimant is not disabled is appropriate within the framework of the above cited Rule and based on the testimony of the vocational expert.

15. The limitations that would remain if the claimant stopped drinking and using drugs would not be disabling.

16. Alcohol and drug use is a contributing factor material to the finding of disability.

17. The claimant is not disabled as defined in the Social Security Act, pursuant to the provisions of Section 105 of Public Law 104-121.

AR at 27-29.

## VI. ISSUES ON APPEAL

There are three primary allegations of error:[2]

---

[2] The Commissioner raises the plaintiff's credibility as an additional issue. Dkt. No. 12 at 8. The plaintiff noted that credibility is not an issue on appeal, but nevertheless responded to the Commissioner's argument. *See* Dkt. No. 16 at 9. Because the issue of the plaintiff's credibility was not raised by the plaintiff on appeal, the Court need not address the issue. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

REPORT AND RECOMMENDATION
PAGE – 6

01     1.    Did the ALJ Fail to Properly Analyze Conflicting Testimony of
Plaintiff's Treating Psychiatrists to Determine Whether Plaintiff's Drug
02         and Alcohol Use Were Material to Plaintiff's Disability?

03     2.    Did the ALJ Err by Concluding the Plaintiff Was Not Entitled to Benefits Due
to Plaintiff's Failure to Follow Treatment Recommendations?
04

05     3.    Did the ALJ Err in Rejecting "Other Source" Testimony?

06                                 VII.   DISCUSSION

07     A.    <u>The ALJ Failed to Properly Analyze the Conflicting Testimony of Plaintiff's
Psychiatrists to Determine Whether Plaintiff's Drug and Alcohol Use were
08         Material to Plaintiff's Disability</u>

09         Under 20 C.F.R. § 404.1535(b), the plaintiff is not entitled to DIB and SSI if his drug

10 and alcohol use are material factors contributing to his disability. Drug and alcohol use are

11 "material" when the plaintiff would not be considered disabled if he abstained from use. 20

12 C.F.R. § 404.1535(b). The ALJ concluded that in this case "the claimant's alcohol and drug

13 abuse are a material factor relevant to his disability." AR at 25.

14         Relevant medical evaluations of the plaintiff's treating psychiatrists, Dr. James Prince

15 (AR at 307-28) and Dr. Steven Haney (AR at 153-55, 188-89, 196-97) were before the ALJ at

16 the time of plaintiff's November 14, 2005 disability hearing.

17         The plaintiff argues that the ALJ failed to give proper weight to the opinion of Dr.

18 Prince, who concluded that the plaintiff's impairments would persist even if the plaintiff

19 abstained from drug and alcohol use, and rejected his opinion without a "specific and

20 legitimate" basis. Dkt. No. 15 at 14-21. The Commissioner disagrees, and insists that the

21 ALJ's reasons for rejecting Dr. Prince's opinions were specifically outlined and sufficiently

22 legitimate. Dkt. No. 20 at 8-10.

23         As a matter of law, more weight is given to a treating physician's opinion than to that

24 of a nontreating physician because a treating physician "is employed to cure and has a greater

25 opportunity to know and observe the patient as an individual." *Magallanes*, 881 F.2d at 751.

26 "Likewise, greater weight is accorded to the opinion of an examining physician than a

REPORT AND RECOMMENDATION
PAGE – 7

01 non-examining physician." *Andrews*, 53 F.3d at 1041; *see also* 20 C.F.R. § 416.927(d)(1).

02 However, under certain circumstances, an examining physician's opinion can be rejected,

03 whether or not that opinion is contradicted. *Magallanes*, 881 F.2d at 751. If an ALJ rejects

04 the opinion of a treating or examining physician, the ALJ must give clear and convincing

05 reasons for doing so if the opinion is not contradicted by other evidence, and specific and

06 legitimate reasons if it is. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). "This can be

07 done by setting out a detailed and thorough summary of the facts and conflicting clinical

08 evidence, stating his interpretation thereof, and making findings." *Id.* (citing *Magallanes*, 881

09 F.2d at 751). The ALJ must do more than merely state his conclusions. "He must set forth his

10 own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citing

11 *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). Such conclusions must at all times

12 be supported by substantial evidence. *Id.* at 725.

13 Dr. Prince examined the plaintiff on February 24, 2004, and again on November 1,

14 2004. AR at 310, 341. During these examinations, Dr. Prince discussed the plaintiff's

15 medications and made adjustments to the plaintiff's prescriptions. AR at 328. Dr. Prince

16 expressed the opinion that the plaintiff's drug use may have "triggered psychosis but the

17 symptoms have persisted long after drug use has stopped." AR at 312. Dr. Prince also

18 indicated that alcohol or drug treatment would be likely to decrease the severity of the

19 plaintiff's mental health conditions, but that sixty days of sobriety would have "no real effect"

20 because "abstinence just means that his chronic symptoms aren't *worsened* by alcohol/drugs."

21 AR at 312 (emphasis added). Two of the records submitted by Dr. Prince were psychological

22 evaluation forms for the Department of Social and Health Services ("DSHS"). AR at 307-10,

23 311-14. However, Dr. Prince also submitted his own treatment notes as well. AR at 327-28.

24 The ALJ failed to provide specific and legitimate reasons for discounting the medical

25 opinion of Dr. Prince. The ALJ stated only that the plaintiff "underwent a couple of DSHS

26 psychological evaluations in order to keep receiving his welfare and health benefits" and that

REPORT AND RECOMMENDATION
PAGE – 8

01  Dr. Prince's reports were "merely check-box forms with no supporting clinical notes" and
02  were "entitled to little weight." AR at 21. While opinions based on check-the-box reports can
03  be rejected when they lack narrative explanations for their conclusions, see *Crane v. Shalala*,
04  76 F.3d 251, 253 (9th Cir. 1996), the forms submitted by Dr. Prince in this case included
05  substantive notations from the doctor. AR at 307-10, 311-14. Furthermore, the ALJ's
06  comment that the purpose of Dr. Prince's evaluation was to ensure that the plaintiff continued
07  to receive benefits is not only unfounded, but irrelevant. "The purpose for which medical
08  reports are obtained does not provide a legitimate basis for rejecting them. . . . The Secretary
09  may not assume that doctors routinely lie in order to help their patients elect disability
10  benefits." *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1996) (internal quotations omitted).

11       The ALJ failed to address the conflicting medical evidence provided by Dr. Prince, and
12  indeed failed to even identify Dr. Prince by name in his opinion. The ALJ was required to
13  provide specific and legitimate reasons for rejecting the medical opinions of Dr. Prince. The
14  ALJ could have met this burden by "setting out a detailed and thorough summary of the facts
15  and *conflicting clinical evidence*, stating his interpretation thereof and making findings."
16  *Magallanes*, 881 F.2d at 751 (emphasis added). Dr. Prince and Dr. Haney made conflicting
17  conclusions as to the effect of plaintiff's drug and alcohol use on his disability. Dr. Prince
18  concluded that the plaintiff would still suffer from serious mental health issues even if he
19  remained sober for sixty days, or entered drug and alcohol treatment, AR at 312, while Dr.
20  Haney concluded that so long as plaintiff continued to use drugs and alcohol he would have a
21  more difficult time getting his mental health issues under control. AR at 192-93. The ALJ
22  failed to include any details of Dr. Prince's analysis in his opinion, and this error should be
23  corrected on remand.

24       When the evidence is susceptible to more than one rational interpretation, it is the
25  Commissioner's conclusion that must be upheld. *Thomas*, 278 F.3d at 954. However, in this
26  case, the ALJ failed to give specific and legitimate reasons for giving little or no weight to the

REPORT AND RECOMMENDATION
PAGE – 9

medical opinions of Dr. Prince, conducted only a cursory analysis of the medical evidence in this case, and made no real showing that all of the evidence had even been considered. Therefore, this case should be remanded to allow the ALJ to properly evaluate the medical evidence and to make such specific and legitimate findings as are called for. Only after such an analysis is properly performed will the ALJ be in a position to accurately determine whether the plaintiff's drug and alcohol use are material to his disability under 20 C.F.R. § 404.1535(b).

### B. The ALJ Should Reconsider Whether the Plaintiff Would be Entitled to Benefits Despite His Failure to Follow Treatment Recommendations

20 C.F.R. § 404.1530 requires a claimant to "follow treatment proscribed by your physician if this treatment can restore your ability to work." However, denial of benefits based on a claimant's failure to follow treatment advice is improper unless there is evidence indicating that such treatment would in fact ameliorate the claimant's disability. *See Byrnes v. Shalala*, 60 F.3d 639, 641 (9th Cir. 1995) ("essential to a denial of benefits pursuant to Section 404.1530 is a finding that if the claimant followed her prescribed treatment she could return to work") (quoting *Rousey v. Heckler*, 771 F.2d 1065, 1069 (7th Cir. 1985) (internal quotation omitted)). Additionally, "before basing a denial of benefits on noncompliance, the ALJ must 'examine the medical conditions and personal factors that bear on whether [a claimant] can reasonably remedy' his impairment." *Id.* (quoting *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)).

In evaluating the plaintiff's failure to follow treatment recommendations in this case, the ALJ simply concluded "the claimant has failed to comply with his psychiatrist and psychologist's treatment recommendations. . . . Thus, the claimant's actions are violations of 20 C.F.R. § 404.[1]530." AR at 27. However, in his first analysis of the plaintiff's impairments, the ALJ found the plaintiff disabled because the combination of his drug and alcohol use along with his mental health impairments met the requirements of listing 12.09(D).

REPORT AND RECOMMENDATION
PAGE – 10

AR at 23, 27.  It appears that the ALJ concluded that the plaintiff was not entitled to an award of benefits based on a decision that plaintiff's drug and alcohol use were material to his disability, pursuant to the restrictions of 20 C.F.R. § 404.1535(b) and section 105 of Public Law 104-121.  *See* AR at 25, 27-28.  Although these two findings are not inconsistent, they are duplicative, and are based on the same flawed analysis of the medical evidence in this case.  The ALJ must factor in Dr. Prince's medical opinion before he can reach any conclusion as to whether failure to follow treatment recommendations would be material.

        C.        <u>Evaluation of "Other Source" Evidence Under 20 C.F.R. § 404.1513(d)</u>

In order to determine whether a claimant has an impairment, an ALJ may consider "other source" evidence, such as lay witness testimony from family members.  20 C.F.R. § 404.1513(d).  If an ALJ chooses to discount testimony of a lay witness, he must provide "reasons that are germane to each witness."  *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).  If lay witness testimony is diagnostic in nature and conflicts with medical evidence, the ALJ may discount such testimony.  *Lewis v. Apfel*, 236 F.3d 503, 511-12 (9th Cir. 1987).

In this case, the ALJ concluded that the letters submitted by the plaintiff's mother and uncle on his behalf were in conflict with the medical testimony, and were not probative.  AR at 24.  The ALJ found that "lay witness statements cannot outweigh the analysis of the objective clinical laboratory evidence," and that the statements of the plaintiff's mother in particular were "clearly contradicted by the medical evidence."  AR at 24.

The reasons set forth by the ALJ were germane to each lay witness and were sufficiently specific to support the ALJ's rejection of the testimony.  *See Lewis*, 236 F.3d at 511-12.  However, because the ALJ concluded that the lay statements were inconsistent with the medical testimony, the ALJ should reconsider the other source evidence on remand when he revisits Dr. Prince's medical opinions.

REPORT AND RECOMMENDATION
PAGE – 11

### III.  CONCLUSION

Because the ALJ erred by failing to give specific and legitimate reasons for discounting the medical testimony of the plaintiff's treating psychiatrist, this case should be REVERSED and REMANDED for further proceedings not inconsistent with this Report and Recommendation.  Specifically, the ALJ should consider all medical and lay evidence in this case and give clear reasons for rejecting any evidence, including medical opinions indicating that plaintiff's disability would persist even if the plaintiff abstained from drug and alcohol use.  A proposed order accompanies this Report and Recommendation.

DATED this 5th day of September, 2007.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge